UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SAMUEL GRIM,                              )
                                          )
                Plaintiff,                )
                                          )
        vs.                               )       Case No. 4:12CV01576 AGF (NAB)
                                          )
CAROLYN W. COLVIN,                        )
Commissioner of Social Security,          )
                                          )
                Defendant.                )

## MEMORANDUM AND ORDER

This matter is before the Court on Magistrate Judge Nannette Baker's Report and
Recommendation recommending that the Commissioner's decision denying Plaintiff's
application for supplemental security income ("SSI") based on disability under Title XVI
of the Social Security Act be affirmed.  Plaintiff has filed Objections to the Report and
Recommendation.

When a party objects to a Magistrate Judge's Report and Recommendation, the
Court must "make a de novo determination of those portions of the report or specified
proposed findings or recommendations to which objection is made." 28 U.S.C.
§ 636(b)(1).  Plaintiff raises two main objections to the Magistrate Judge's Report.  He
first argues that the Magistrate Judge erred in finding that the Administrative Law Judge
("ALJ") properly relied on Plaintiff's part-time attendance of college classes in finding
that Plaintiff did not have mental impairments that limited his residual functional capacity
("RFC") and that he could perform the full range of medium work.  Plaintiff asserts that

because he filed his application for SSI in July 2009, but did not begin attending college until August 2010, it was error for the ALJ to use the college attendance in evaluating Plaintiff's impairments between July 2009 and August 2010, at least without some explanation, and none was provided by the ALJ. Plaintiff notes that he raised this argument in his brief, but that it was not addressed by the Magistrate Judge.

Second, Plaintiff objects to the Magistrate Judge's finding that Plaintiff was not prejudiced by the ALJ's giving more weight to the August 2010 opinion of psychiatrist James Mikolajczak, finding among other things, a Global Assessment of Functioning ("GAF") of 55, than to the September 2009 opinion of Sherman Sklar, a Masters level psychologist, finding, among other things, a GAF of 45. Plaintiff urges that the ALJ erred because he weighed the two opinions based on the difference in the two sources' academic degrees. The Magistrate Judge found that Plaintiff did not suffer prejudice because the clinical findings of the two medical sources were similar, and even if Dr. Mikolajczak had not been given more weight, there was no evidence that the ALJ's decision would have been different.

Under the Social Security Act, the Commissioner shall find a person disabled if the claimant is "unable to engage in any substantial activity by reason of any medically determinable physical or mental impairment," which must last for a continuous period of at least 12 months or be expected to result in death. 42 U.S.C. § 1382c(a)(3)(A). Not only the impairment, but the inability to work caused by the impairment must last, or be expected to last, not less than 12 months. *Barnhart v. Walton,* 535 U.S. 212, 219-20 (2002).

Upon de novo review of the record, including the administrative transcript, the Court first concludes, for the reasons stated by the Magistrate Judge, that the ALJ's decision is supported by substantial evidence in the record as a whole with regard to the period of August 2010 until the date of the decision. The ALJ was entitled to give more weight to the assessment of Dr. Mikolajczak than to that of Mr. Sklar. Plaintiff is correct that his college attendance beginning in August 2010 was not a proper basis for finding that he did not have a severe mental impairment during the year prior to that time. But the record does not establish that Plaintiff's mental condition for a continuous 12-month period after Plaintiff filed his application for SSI to August 2010 was more severe in any significant way than after August 2010. Nor did Plaintiff testify at the hearing that his condition was worse from July 2009 to August 2010 than after August 2010.

Accordingly, upon de novo review of the record, and upon consideration of Plaintiff's objections to the Magistrate Judges Report and Recommendation,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge is **SUSTAINED, ADOPTED, and INCORPORATED** herein.

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED**.

A separate Judgment shall accompany this Memorandum and Order.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2014.